CHARLES B. CUMINGS & others *vs.* FREDERICK W. SAWYER.

Suffolk.   Nov. 24, 1874. — Jan. 11, 1875.   DEVENS, J., absent.

The by-law of a mutual fire insurance company provided that "when any building insured by this company shall be alienated unconditionally, either by the act of the assured or by operation of law, except in the case of descent to heirs, the policy may be surrendered to the company or be transferred to the alienee of the building, who, with the consent of the president, may be entitled to all the rights of the original holder of the policy, by giving his engagement in writing to assume all the liabilities imposed by the same, and such policy, if not surrendered or transferred as aforesaid, shall become void." A member of the company alienated unconditionally a building insured, but did not surrender his policy to the company, or transfer it to the alienee of the building. *Held*, that he was still a member of the company, and liable to an assessment subsequently laid.

CONTRACT by the receivers of the Massachusetts Mutual Fire Insurance Company, to recover an assessment imposed upon the defendant as a member of said company.

The declaration alleged the issuing of a policy of insurance on a house by the company to Robert M. Pratt on June 12, 1869, for the term of seven years, the transfer of the property insured and the policy to the defendant, and the acceptance thereof by him in November, 1869, and the assent of the company to the transfer; that the defendant thereby became a member of the company, and liable to all assessments; that in November, 1872, losses by fire happened under policies issued by the company to an amount exceeding the existing funds of the corporation; that the president and directors of the company, pursuant to the act of incorporation, and the contract contained in the policy, in December, 1872, by vote, levied an assessment on the members of the company of an amount equal to two dollars for each and every dollar advanced as premium and deposit; that notice of the assessment was given to each member of the company, and was also published in two or more newspapers in Boston; that the president was authorized by vote to collect the assessments; that the defendant was assessed the sum of $320; that on the petition of the president for the examination and ratification or amendment of the assessment, and after due notice and hearing, the assessment was ratified, confirmed and established by a decree of the Supreme Judicial Court; and that, it appearing to said court that the company was insolvent, the plaintiffs were appointed

receivers, with authority to collect the debts due the company, and to sue either in their own names or the name of said company; and that the defendant owed the plaintiffs the sum assessed, with interest. Answer: 1. A general denial; 2. The conveyance of his property by the plaintiff before November, 1872, whereby it was alleged that the policy became void; 3. A denial of the legality of the assessment.

The case was submitted to the Superior Court, and to this court, on appeal, on agreed facts, in substance as follows:

On June 12, 1869, Robert M. Pratt was the owner in fee of the house described in the plaintiff's declaration; and on that day the Massachusetts Mutual Fire Insurance Company issued to him a policy of insurance on said house. On November 19, 1869, Pratt, for value received, made an absolute conveyance of the property so insured to the defendant, and on the same day caused the following entry to be made upon the record of the policy in the office of the company: " Boston, November 19, 1869. For value received, I hereby transfer to Frederick W. Sawyer, of Boston, all my right, title and interest in this policy." Pratt signed this entry by George W. Pratt, a person duly authorized, and the same was approved by Charles B. Cumings, president of the company. On the same day the defendant accepted the policy and caused the following entry to be made thereon: " November 19, 1869. In the event of a loss, payable to George W. Pratt, of Boston, mortgagee." This entry the defendant signed, and the same was duly stamped and recorded. The following entry was also made on the policy: " Boston, December 18, 1869. For value received I hereby assign all my interest in the within policy to Chas. C. Foster, mortgagee," and the same was duly signed and stamped by G. W. Pratt, and recorded on the books of the company. No other entries appear or were made on the policy or on the books of the company.

On January 13, 1870, the defendant made an absolute and unconditional conveyance of the property so insured to Frederick H. Appleton, by a deed recorded with Suffolk Deeds, and did not transfer to him his right, title and interest in the policy, nor was there then or ever any transfer or assignment thereof entered upon the books of the company or assented to by the officers thereof, except as aforesaid. On the said January 13 Appleton made an

absolute and unconditional conveyance of the property so insured
to Caroline B. Sawyer, wife of the defendant, by a deed recorded
with Suffolk Deeds, who has from then and until the present
time been seised of the said estate to her sole and separate use.
The defendant did not transfer to her his right, title and interest
in the policy, nor was there then or ever any transfer or assign-
ment thereof entered upon the books of the company or assented
to by the officers thereof except as aforesaid.   Article 20 of the
amended rules and articles of the company is as follows : " When
any building insured by this company shall be alienated uncondi-
tionally, either by the act of the assured or by operation of law,
(except in the case of descent to heirs,) the policy may be sur-
rendered to the company or be transferred to the alienee of the
building, who, with the consent of the president, may be entitled
to all the rights of the original holder of the policy by giving his
engagement in writing to assume all the liabilities imposed by the
same, and such policy, if not surrendered or transferred as afore-
said, shall become void."

On petition of Charles B. Cumings, president of the company,
for the confirmation of the assessment, brought under the St. of
1862, c. 181, and under the St. of 1863, c. 249, Charles Allen
was appointed auditor, to hear all parties interested in the assess-
ment.   He appointed January 15, 1873, at ten o'clock A. M., and
the office of the company, No. 39 Court Street, Boston, as the
time and place to hear all parties interested in the matter, and
prepared a circular notice thereof and caused the same to be sent
by mail to all policy holders, by the officers and clerks of the com-
pany, these notices being all sent before or by Saturday, January
11.   He also caused notice thereof to be advertised in the Boston
Daily Advertiser, on January 7, 9, 11 and 14, and in the Boston
Daily Journal, on the alternate days beginning January 8 and
continuing till January 15.   The defendant does not remember
to have received one of the circular notices, but saw and read the
published notices and did not attend the meeting.   The auditor
reported his findings to this court, whereupon, after argument,
the assessment was ratified, confirmed and established.

The defendant insists that the corporation has availed itself of
the general acts for mutual companies, and so is limited to an
amount of assessment equal to the amount of the premium and
deposit money.

If upon these facts the court is of opinion that the defendant was a member of the company and liable to the assessment laid by the officers thereof at the date of the assessment referred to in the declaration, the plaintiffs shall have judgment for the sum of $320 and interest thereon from July 15, 1873 ; otherwise judgment to be entered for the defendant.

Judgment was entered in the Superior Court for the plaintiffs in the sum of $336.80, and the defendant appealed to this court.

*F. C. Welch*, for the plaintiffs.

*F. W. Sawyer, pro se.*

WELLS, J. The defendant purchased the property insured, the policy was transferred to and accepted by him, and the transfer was assented to by the insurance company. The defendant thereby became a member of the corporation, liable to assessment as such. The only question presented upon this agreed statement is whether he had ceased to be so liable as a member when this assessment was laid; or rather, as we suppose must be intended, when the losses occurred for which this assessment was laid.

The extent of the right to assess was fully considered when this assessment was before us, upon the report of the auditor, for confirmation. *Commonwealth* v. *Massachusetts Ins. Co.* 112 Mass. 116. The question has been again discussed by the defendant in this case. If it is open under the terms in which the case is submitted to us, we are not led to doubt the correctness of our former conclusion.

It was held, upon the hearing before referred to, that dealings with the property by the assured, which might defeat his right of recovery upon the policy as a contract of indemnity, would not necessarily terminate his relation of membership and consequent liability to assessment. The obligation of each party depends upon its own conditions. Upon alienation of the property, provision is made for the substitution of the purchaser in place of the original assured as a member of the company, entitled to all his rights and subject to the same liabilities ; or the policy may be surrendered and cancelled. In either case the original assured will cease to be a member. If he neither transfers nor surrenders, there can be no recovery by any one in case of loss. He cannot recover, because he has suffered no loss. The purchaser

cannot, because he has acquired no rights in the policy. But the holder of the policy has not thereby discharged himself from the obligations which he assumed to the company as a part of the consideration upon which the policy was issued to him. Without the assent of the company, this can be done only in compliance with the terms of the policy; and that requires a surrender. The provision that if the policy is not surrendered or transferred, upon alienation, it " shall become void," applies to it as a contract of insurance or indemnity. It defeats that contract and furnishes a bar to recovery upon it; or rather declares what would result by legal effect, without those words. But the obligations of the assured are set forth in the policy only by way of recital; and they are regulated in part by provisions of statute. It is not to be supposed that the words above quoted were inserted for the purpose of enabling the assured to release himself from his obligations to the company otherwise than by substitution or surrender; and such is not their necessary effect. Taking into view the nature of the contract of mutual insurance, and the relations which spring from it and upon which its obligations rest, we are satisfied that the reasonable interpretation of the proviso in question is that it declares void the agreement of indemnity contained in the policy, but not the promise of the assured upon which that agreement was originally founded. His alienation of the property, therefore, by which he defeated his own right to recover upon the policy, does not furnish him a legal defence to the action upon the liability which he assumed when he became a member of the corporation.

*Judgment for the plaintiffs affirmed.*