GEORGE KABRICH, Appellant, v. THE STATE INSURANCE COMPANY OF DES MOINES, Respondent.

Kansas City Court of Appeals, March 7, 1892.

1. **Practice, Trial:** PLEADING : ELECTION : ABANDONMENT : EVIDENCE. While the code permits the joining of legal and equitable suits, yet they must be separately stated and relief separately prayed, so that each may be separately tried, the one by the court and the other, if desired, by the jury ; and where a petition in one count mingles allegations common to actions at law with those peculiar to

equitable actions for the reformation of the policy, the plaintiff may be compelled to elect; and, if he elects to proceed at law, he abandons his cause in equity, and is not entitled to introduce evidence only pertinent thereto.

2.   Insurance : BENEFICIARY: CONDITION AGAINST TRANSFER : ASSURED'S INTEREST : APPLICATION.   A policy insured N. payable to K., and was conditioned to be void if the title was transferred without the consent of the insurer.   N. so transferred the title.   *Held*, the policy thereby became void, K.'s right was contingent on N.'s compliance with the terms of the policy, and he could not recover thereon; and that it was immaterial that K.'s mortgage covered all N.'s interest, or who applied for the insurance.

*Appeal from the Callaway Circuit Court.*—Hon. J. A. Hockaday, Judge.

Affirmed.

*W. B. McIntire* and *John M. Barker*, for appellant.

( 1 )   The court erred in striking out part of plaintiff's petition.   In this action the plaintiff had the right to set up the facts constituting the contract and estop defendant from claiming a forfeiture.   42 Mo. 456; 43 Mo. 148; 52 Mo. 181.   ( 2 )   The court erred in excluding plaintiff's evidence.   The plaintiff offered to prove ( after defendant introduced evidence of a transfer ) that the plaintiff or the agent, neither one knew that the policy contained the provisions in contention; and further that the agent told plaintiff, at the time he gave him the policy, that he was giving him such a policy as would protect his interest, and that the agent told the plaintiff it would make no difference as to the occupancy of the place.   42 Mo. 456, and cases cited.   ( 3 )   The court erred in directing the jury as to the force and effect of the deed of Nicum to Kelley.   The evidence was that Nicum had no real interest, and that Mrs. Kelley without any consideration conveyed it back to plaintiff.   This was a question for the jury, as all other questions in the case.   *Griswold v. Ins. Co.*, 1 Mo. App. 97; s. c., 70 Mo. 654; *Humphrey v. Ins. Co.*, 15 Blatch. 35; 47 Conn. 553; 16 Barb. 254.

*George Robertson*, for respondent.

(1) The court did not err in sustaining defendant's motion to compel plaintiff to elect between causes of action set up in one count of the petition. *First.* The action to reform the policy is for equitable relief, and to recover on the policy is an action at law, and both causes cannot be put in the same count. *Maguire v. Tyler*, 47 Mo. 115; *Henderson v. Dickey*, 50 Mo. 161; R. S. 1889, sec. 2044; *Gaslight Co. v. St. Louis*, 86 Mo. 495. *Second.* And, when separate causes of action are improperly commingled in one count, the remedy is by motion to compel the plaintiff to elect, etc. *Christal v. Craig*, 80 Mo. 367; *Bird v. Railroad*, 37 Mo. App. 373. *Third.* No suit could be maintained on any state of facts outside of the policy till it had been reformed by a court of equity. Pomeroy's Eq. Jur., secs. 870–872, 1375–7; *Blair v. Railroad*, 89 Mo. 392. (2) The instruction of the court to the jury to find for the defendant was proper, for the following reasons: *First.* The applicant for the insurance stated that the house was occupied by the assured, which was untrue. *Second.* The occupancy of the house was changed after the issuing of the policy and before the fire. *Third.* The title was conveyed from Nicum to Kelley without the written assent of the company. *Ins. Co. v. Barnett*, 73 Mo. 364; *Cook v. Ins Co.*, 70 Mo. 610; *Barnard v. Ins. Co.*, 27 Mo. App. 26; *Grosvenor v. Ins. Co.*, 17 N. Y. 393; *Dreher & Bumb v. Ins. Co.*, 18 Mo. 128; *Card v. Ins. Co.*, 4 Mo. App. 424. This case is approved in this state in *Bidwell v. Ins. Co.*, 40 Mo. 42; *Archer v. Ins. Co.*, 43 Mo. 434. (3) No evidence to vary or change the face of the policy was admissible, and all negotiations as to the terms of the contract of insurance had or made before or at the time of issuing of the policy are merged in the policy. *Giddings v. Ins. Co.*, 90 Mo. 272; *Greenwood v. Ins. Co.*, 27 Mo. App. 401; *Railroad v. Clary*, 77 Mo. 634.

GILL, J.—On November 5, 1888, the defendant by its policy insured for the period of one year one W. G. Nicum against loss or damage by fire on his farmhouse in Audrain county, "loss if any payable to George Kabrich, mortgagee, as his interest may appear." On August 18, 1889, the building was destroyed by fire. Subsequently, the mortgagee Kabrich brought this suit. In his petition, and all in one count, in addition to the usual allegations common to actions at law on the contract of insurance, it was further alleged that certain conditions printed in the body of the policy and relating to the occupancy, transfer of the property, etc., were wrongfully fraudulent, or by mistake inserted, and the court was asked to strike out such conditions, and reform the instrument. The defendant moved and the court required the plaintiff to elect upon which of the two causes of action, thus set out in one count, he would proceed to trial. The plaintiff elected to try the action at law on the policy, and thereupon the court struck out the matter relating to a reformation of the contract.

Among other matters of defense, the answer set out that by the terms of the policy if the title of the property was, after the issuing thereof, transferred or changed without the written consent of the company indorsed on the policy, then said policy should be void. The evidence showed unquestionably that about two months after the policy was issued the assured Nicum did sell and convey the property to one Kelley, and to this the defendant company had not consented, nor, indeed, had any notice. At the close of the evidence the court instructed the jury as follows: "The court instructs the jury that the deed read in evidence, from W. G. Nicum to Julia A. Kelley, conveyed the property insured after the issue of the policy, and before the fire, and that fact, under the terms of the policy, rendered it void, as the company failed to consent thereto in

writing, and the jury will, therefore, render a verdict for defendant."

From a verdict and judgment for defendant plaintiff appealed.

I. The court correctly required plaintiff to elect upon which of the two causes of action, stated in one count of the petition, he would proceed to trial. Clearly plaintiff had intermingled in one count the two causes of action ; one to reform the policy, which was equitable, and triable alone before the court, and the other an action at law on the policy, which was triable by a jury. While the code permits the joining of legal and equitable suits, yet they must be separately stated and relief separately prayed, so that each may be separately tried, the one by the court and the other, if desired, by the jury. *Henderson v. Dickey*, 50 Mo. 161. He might with propriety have amended his petition and separated the two causes into two distinct counts, and then tried each separately. But he failed to amend, and chose to submit his case on the one count,—the legal action on the policy ; thereby in effect abandoning the cause in equity. Electing to prosecute one of the two causes of action ( which have been erroneously combined in one count) is necessarily the abandonment of the other. The plaintiff then having relinquished the suit to reform the policy, he was not entitled to introduce evidence only pertinent thereto ; and, hence, the court did not err in excluding such proffered evidence. And this answers counsel's point number 2.

II. The conveyance by the assured Nicum to Kelley was a change or transfer of title within the meaning of the policy ; and, because of want of notice to defendant, and its consent thereto, must be held as avoiding the policy. The contracting parties in this insurance were Nicum and the defendant company ; Kabrich is only the party designated to receive the loss entailed by Nicum, the owner of the property. Kabrich's rights

therefore, are, and were, contingent on the compliance by Nicum with the terms of the policy. If then Nicum, the assured, did anything to forfeit a recovery on the policy, the rights of Kabrich (which were derivative only) go likewise. Now, when the policy was written, Nicum was the recognized owner. Subsequently, and before the fire, he parted with that ownership. The policy, therefore, by its terms became void. That plaintiff had a mortgage on the property, which ultimately absorbed all Nicum's interest, cannot affect the case. 1 May on Ins., sec. 273; *Griswold v. Ins Co.*, 1 Mo. App. 100, and cases cited. It matters not who may have applied to the defendant to secure this insurance, nor who may have paid the premium; the terms of the written agreement fix the contracting parties and the conditions upon which the defendant agreed to pay a loss. Judgment affirmed. All concur.