PRUDENTIAL INSURANCE CO., RESPONDENT, v. GERMAN MUTUAL LIFE INSURANCE ASSOCIATION, APPELLANT.—60 S. W. (2d) 1008.

Kansas City Court of Appeals. May 1, 1933.

*Glenn C. Weatherby* and *Crossan & Hall* for respondent.

*Irwin & Bushman* and *Harry L. Buchanan* for appellant.

BLAND, J.—This is an action upon a fire insurance policy. The case was tried before the court without the aid of a jury, resulting in a judgment in favor of plaintiff in the sum of $1684. Defendant has appealed.

The policy sued on was issued on August 10, 1926, by the defendant, a farmers' mutual fire insurance company, to one Mrs. Alice E. Smith, insuring, among other things, her dwelling house located in Marion township, Cole county, in the sum of $2400. The insurance was for five years beginning July 29, 1926, and ending July 28, 1931. The policy was issued subject to the constitution and by-laws of the company, which became a part of the policy.

On August 21, 1930, defendant was caused to attach the following clause to the policy:

"Loss or damage, if any, under this policy shall be payable to Prudential Insurance Company of America as far as their interest may appear. This company agrees to give thirty days' notice before cancellation of policy."

At the time this clause was attached to the policy plaintiff held a note (the amount of which is not disclosed in the testimony), secured by a deed of trust upon the property. On account of default in the terms of the deed of trust plaintiff caused the property to be foreclosed on December 1, 1930. The property brought less than the indebtedness secured by the deed of trust. The record is not definite as to when the property was conveyed to plaintiff by the trustee named in the deed of trust, the evidence merely showing that the trustee's deed had been recorded at the time of the trial. However, as the petition alleges that plaintiff was the sole owner of the property at the time of the fire we will assume, as against it, that the deed was delivered to it prior to that time.

The house was totally destroyed by fire on January 18, 1931, but defendant refused to pay the loss. The evidence showing that the house had a value at that time of $2400. The constitution and by-laws of the defendant provided that the coverage should be only two-thirds of the amount of the insurance, which limited the recovery to $1684.

The evidence shows that Mrs. Smith had paid her assessments up to the date of the fire and that no offer of a return of any part thereof had been made to anyone by the defendant. Plaintiff never at any time paid any assessment or any other sum of money to the de-

fendant on account of the insurance policy. In fact, defendant at no time levied an assessment against plaintiff. Defendant did not know of the foreclosure of the property and that Mrs. Smith, the insured, did not continue to be the owner thereof, until after the fire. No cancellation or surrender of the policy was made by any of the parties.

The constitution and by-laws provided that the losses should be paid by the defendant by assessments made upon its members and detailed the method of making such assessments. As the constitution and by-laws were adopted in 1917, defendant had no authority to make assessments in anticipation of losses. [See Laws 1927, p. 282.] Neither the policy, the constitution nor the by-laws contain any provision for forfeiture on account of foreclosure or, in fact, any provision relative to foreclosure, or transfer of the property, or any interest therein. However, they provided that no one except landowners and renters should become members and prohibited the transference of the property insured, but provided that a member of the association could withdraw at any time by giving four weeks' notice; that, when desiring to withdraw, if he did not deliver up his policy, he should give a written declaration of his intent to withdraw and until the expiration of the four weeks' period he should pay his dues and his policy should be in force during that time. They also provided that the association should have the right to cancel any policy upon its secretary giving thirty days' notice to the member by registered letter.

The petition alleges the issuance of the policy to Mrs. Smith, the then owner of the property. It then pleads the mortgage clause as follows: "That any loss thereunder should be payable to the Prudential Insurance Company of America, as far as their interest may appear." It then alleges that the house was totally destroyed by fire; that due notice was given the defendant of the fire and: "That plaintiff is now and was at the time of said fire the owner of said property and by reason whereof under the by-laws and constitution of defendant association was a member of said association and at all times had an insurable interest in said property and that the loss and damage was in excess of $2400." This was the only pleading of the constitution and by-laws, or mention of them in the petition.

Defendant insists that the mortgage clause appended to the policy is simply an open mortgage clause, and for that reason plaintiff had no rights in the policy, not possessed by Mrs. Smith, the insured, and that upon conveyance of the property to the plaintiff by the trustee's deed after the foreclosure of plaintiff's deed of trust, she had no further interest in it and, not having any insurable interest in it at the time of the fire, neither she nor the plaintiff could recover for the loss.

A policy that simply provides that it shall be payable to the mort-

gagee as his interest may appear, is called an "open mortgage clause," and is the character of mortgage clause *pleaded in the petition.* This clause is to be distinguished from the "union mortgage clause." In the latter clause it is stipulated, in substance, that in case of loss the policy is payable to the mortgagee and that his interest as payee shall not be invalidated or affected by any act or omission of the mortgagor. Where there is merely an open mortgage clause there is no privity created between the company and the mortgagee, he not being a party to the contract but merely an appointee to receive the proceeds in case of loss. His rights will be defeated by a breach of the conditions of the policy by the mortgagor. If for any reason the policy becomes void or ceases to exist as to the insured it is void and it ceases to exist as to the mortgagee. Whereas, the union mortgage clause operates as an independent contract of insurance between the mortgagee and the company upon the former's interest, which cannot be defeated by a breach of the conditions of the policy on the part of the mortgagor or solely by his act. [26 C. J., pp. 84, 85, 273, 274, 275; 2 Cooley's Briefs on Ins. (2 Ed.), pp. 1267 to 1272; 14 R. C. L., pp. 1037, 1038; Kabrich v. St. Ins. Co., 48 Mo. App. 393; Bidwell v. St. L. Floating Dock & Ins. Co., 40 Mo. 42, 46; Allen v. Fid. Phoenix Ins. Co., 285 S. W. 761, 764; Ford v. Iowa St. Ins. Co., 298 S. W. 741; See note 58, Am. St. Reports, pp. 667 to 673.]

When the property was conveyed to plaintiff at the foreclosure sale Mrs. Smith, the insured, lost all interest in the property. The policy became void as to her, regardless of the lack of a provision in the policy voiding it upon a change of interest in or title to the property. [See 26 C. J., p. 37; Morrision v. Tenn. Marine F. I. Co., 18 Mo. 262; Millard v. Beaumont, 194 Mo. App. 69, 74; White v. Merchants' Ins. Co., 93 Mo. App. 282; Essex Savs. Bk. v. Meriden Fire Ins. Co. (Conn.), 4 L. R. A. 759, 762; Edw. G. Budd B. & L. Assn. v. Kinsella (Pa. F. Ins. Co.) (Pa.), 156 Atl. 577; McComber v. Cambridge, 62 Mass. 133; The Scania Ins. Co. v. Johnson, 22 Colo. 476; Brunswick S. Institution v. Com. Un. Ins. Co., 68 Me. 313, 315.] And this is true regardless of the fact that Mrs. Smith continued to pay her assessments and remained a member of the association. [Cummings v. Sawyer, 117 Mass. 30, 33, 34.] The policy cannot be held to have continued as to her on the theory of waiver or estoppel. [Mathes v. Westchester Fire Ins. Co., 6 S. W. (2d) 66.]

The constitution and by-laws prohibited the transference of the property and if the defendant did not know of the change in the ownership of it, of course, it did not consent to it. If the clause in question is to be construed as an ordinary open mortgage clause then whatever rights plaintiff had as mortgagee were terminated when the property was deeded to it under foreclosure. It then became the owner but defendant did not insure it as such and no rule of construction justifies this court in writing into the policy coverage of

an interest that was not stipulated to be insured by the parties. It is quite apparent that no recovery can be had by anyone upon the policy if the mortgage is merely the standard open mortgage clause. [McKinney v. Western Assur. Co., 97 Ky. 474; Hartford F. I. Co. v. Bryan (Ky.), 50 S. W. (2d) 74, 75.]

We are not basing our holding or opinion on any theory of forfeiture or that the policy contains any provisions against foreclosure or a change of interest in or title to the property but, solely, upon the ground of lack of any insurable interest in Mrs. Smith in the property at the time of the fire and that plaintiff's rights, if the mortgage clause is an open one, are dependent wholly upon hers, it having none greater.

We have examined the cases of Russell v. Home Ins. Co., 262 S. W. 385, and Patten v. Springfield F. & M. Ins. Co., 11 S. W. (2d) 1101, cited by defendant. Both of these cases were decided by the Springfield Court of Appeals and involved *open mortgage clauses*, as well as clauses in the body of the policy against change of title and the commencement of foreclosure. In both cases there had been no deed delivered to the purchaser at the foreclosure sale. Therefore, there had been no change of title. In fact, in the Russell case the court considered the matter as though there had been a postponement of the foreclosure of the mortgage, and nothing further. It is true, that in both cases there is an *obiter* to the effect that, even if a mortgagee bids in the property at the foreclosure sale and receives a deed therefor, such would not be a breach of the conditions of the policy as to the change of interest in or title to of the mortgagor, or the insured. However, in both of these cases no effort was made to distinguish between the effect of an open mortgage clause and a union mortgage clause, but the court applied the rule applicable to union mortgage clauses. However, in the second appeal in the Patten case (see Patten v. Springfield F. & M. Ins. Co., 25 S. W. (2d) 1075, 1078), the Springfield Court of Appeals, while recognizing the propriety of the result reached in the disposition of the case when it was first before the court, as well as the result in the Russell case, did not base its decision upon the *obiter* that we have mentioned as existing in those two cases but, in effect, disagrees with it, for, in the second appeal in the Patten case, the court disposes of the case upon the theory of waiver by the insured of the clause in the policy making it void in case of the commencement of foreclosure proceedings, stating, l. c. 1078:

"All that was done by the mortgagee who began foreclosure proceedings, and, when that action on his part was waived by the insurer, we hold that such waiver left *the policy in force thereafter until such time as the foreclosure proceeding should operate to transfer the title to the property to the purchaser at the foreclosure sale.*" (Italics ours.)

Plaintiff insists that on account of the fact that the mortgage clause contains the words: "This company agrees to give thirty days' notice before cancellation of policy," it must be considered in the same light as a union mortgage clause, that is, a clause insuring the interest of the mortgagee in the property rather than constituting the mortgagee a mere appointee to receive the proceeds in case of loss. If, by reason of the words we have just quoted from the policy, it is to be treated in the light that plaintiff contends, there can be no question but that its contention must be sustained. [26 C. J., pp. 239, 240; Bailey v. Ins. Co., 13 Fed. 250 (and notes thereto); Cont. Ins. Co. v. Ward, 50 Kans. 346; Loan Assn. v. Ins. Co., 74 Kans. 272; Jones v. Ins. Co., 94 Kans. 235; Washburn Mill Co. v. Fire Assn. of Phil., 60 Minn. 68; Pioneer S. & L. Co. v. St. P. F. & M. Ins. Co., 68 Minn. 170; Wash. Ins. Co. v. Hayes (Ohio), 93 Am. Dec. 628.]

As was said in Jones Ins. Co., supra, 1. c. 236:

"Of what use is insurance held by a mortgagee on mortgaged property if the commencement of foreclosure proceedings vitiates the policy? An insurance policy held by a mortgagee, under a mortgage clause, as above set out, contemplates that there may be a foreclosure of the mortgage."

And in Bailey v. Ins. Co., supra, 1. c. 255:

"It is not too much to say that defendant contracted with full knowledge that complainant had a right under his mortgage to foreclose, if the debt was not paid at maturity; to sell the premises under special execution after obtaining decree of foreclosure; to buy the premises at such sale and to take possession as such purchaser."

Therefore, it becomes necessary to ascertain what was the intention of the parties when they inserted in the mortgage clause the words: "This company agrees to give thirty days notice before cancellation of policy." As we have already indicated, the constitution and by-laws assume to provide that the company might cancel the policy *for any reason it saw fit,* upon giving thirty days' notice to the member, which, of course, does not include the mortgagee, while he remains as such, although he has an insurable interest in the property, he is neither a member nor is his interest in the property that of owner (Ford v. Iowa State Ins. Co., 298 S. W. 741, 746; 26 C. J., p. 31), and it was only owners of property that could be insured under the provisions of the constitution and by-laws. The company in inserting the provision just referred to agreed not to cancel the policy without thirty days' notice to the mortgagee. This tends to show that the company was insuring the mortgagee directly and independently of the owner of the property. Under this provision, defendant could not cancel the policy as to the mortgagee even should Mrs. Smith fail in some contractual duty she owed the company, or, for any cause, without first giving thirty days' notice to the mortgagee. It would appear, beyond a doubt that, in view of the way in which the clause is worded

as a whole,' it constituted a contract of insurance directly with the mortgagee. [People's Sav. Bank v. Retail Merchants' Mut. F. Ins. Co. (Iowa), 31 L. R. A. (N. S.) 455.] No contention is made by the defendant that it was without power to make a contract of insurance with the plaintiff as mortgagee, insuring his interest as such, in connection with a policy issued to the owner of the land.

However, the petition is attacked because it fails to state a cause of action and, as it pleads simply a standard open mortgage clause and nothing more, the contention must be sustained. The petition pleads that plaintiff, itself, became a member of the defendant under the constitution and by-laws, but this is evidently a mere conclusion of the pleader for the substance of the constitution and by-laws is not set out in its petition. However, an examination of the constitution, by-laws and the evidence shows that plaintiff did not become a member of the association. It is claimed by plaintiff in its brief that it "had property insured in the company, which the Mutual (defendant) in making the endorsement knew of and consented to, and the Prudential (plaintiff) in accepting such insurance, under the company's own constitution became a member of the company, and entitled to all the benefits of such membership and subject to its liabilities. They were liable for their share of the assessments." In this connection plaintiff quotes from articles 3 and 6 of the by-laws, which provide that all persons whose property is insured in the company should be members of the same and that such property should bear current expenses, as well as losses pro rata. However, plaintiff had no "property" insured in the company. As a matter of fact, prior to the trustee's deed, plaintiff had no interest in the property as owner, but merely had a lien and nothing more. It had "neither an estate in (the) land, nor a right to any beneficial interest therein" at the time the mortgage clause was inserted. [Mo. R. & L. Co. v. Gibson, 282 Mo. 75, 79.]

As before stated, the constitution and by-laws expressly provide that only landowners and tenants may take out insurance with the defendant. They stipulate against a transfer of the insurance and provide for a certain definite process to be gone through with in order to become a member, which plaintiff has never complied with. It was never assessed or did it pay any fees or assessments or offer to pay the same, nor was payment of any of these ever requested of it by the company. As we have before stated, there was no insurance ever issued upon the property of plaintiff. It had no property prior to the foreclosure. It merely had an insurable interest in the land by reason of its mortgage. Had there been a loss prior to the transference to it of Mrs. Smith's insurable interest, it would have been entitled to no more of the proceeds of the insurance than the amount of its debt. Whatever rights plaintiff has in the insurance are by

reason of the contract that it, as mortgagee, had with the defendant, and not on any theory that it became a "member" of the defendant.

As the petition states no cause of action the judgment must be reversed and the cause remanded, and it is so ordered. All concur.