OTTO HAHN ET AL., RESPONDENTS, v. NATIONAL AMERICAN FIRE INS. CO., APPELLANT.—127 S. W. (2d) 94.

Kansas City Court of Appeals.  April 3, 1939.

*G. Derk Green* for respondents.

*Price, Shoemaker, Brown, Douglas & Brown* for appellant.

SHAIN, P. J.—In this action plaintiffs (partners) seek to recover from defendant for loss by fire of an automobile covered by a policy issued by defendant wherein one Harold Brown was designated as assured and wherein it is stated that said automobile was at the time subject to a mortgage lien to plaintiffs in the sum of $446.

Language of the policy, as to payment of loss, contains the following: "Subject to all the provisions, exclusions, conditions and warranties contained in this policy, loss, if any, payable, as interest may appear, to Assured and Hahn Motor Company."

The trial in this cause was by the court, jury being waived. Cause was submitted on an agreed statement of facts as follows:

## "STIPULATION AS TO FACTS"

"And thereupon, the parties to this cause, plaintiffs and defendant, by counsel, submit this cause to the court upon the pleadings and a stipulation as to facts, which said stipulation as to facts is in words and figures as follows, to-wit (omitting caption):

" 'Come now the parties hereto, plaintiffs and defendant, and agree and stipulate that the facts in this case are as follows:

"It is agreed that the defendant made and executed its policy No. CA—19772 on the 8th day of September, 1936, which policy is hereto attached as Exhibit A and made a part of this agreed statement of facts. That the premium therefor of Twelve Dollars and

Ninety Cents ($12.90) was paid to defendant on the date of the issuance of said policy that the car described in said policy was sold and delivered prior to the issuance of said policy to the assured, Harold Brown, and at the time and at all times since the issuance of this policy said Harold Brown has been the owner of said automobile, subject to a chattel mortgage thereon dated August 15th, 1936, in favor of these plaintiffs, which chattel mortgage and note is hereto attached as Exhibits B and C and made a part of this agreement. That said chattel mortgage was on the 31st day of August, 1936, duly filed for record in the office of the Recorder of Deeds of Linn County, Missouri. That there remained due to plaintiffs on said chattel mortgage at the time of the fire hereinafter mentioned and now there is due the sum of Three Hundred Forty-seven Dollars and Ten Cents ($347.10). That after the execution of said policy and on the 3d day of August, 1937, said automobile was of the reasonable and fair market value of Three Hundred and Seventy-five Dollars ($375.00). That on said day said automobile was destroyed by fire while in the possession of persons unknown to the parties to this suit. That said automobile was totally destroyed, with the exception of the possible salvage of not to exceed a value of Twenty-five Dollars ($25.00). That due notice was given to the defendant of said loss, and proof of loss waived. That plaintiffs thereafter asserted their said claim under said policy to defendant, and made such claim during the month of October of 1936, and made claim of the defendant for the amount of the balance due on said chattel mortgage. That no part of said policy or the claim made by the plaintiffs has been paid to the plaintiffs, or to anyone for them. That on the 9th day of December, 1937, the assured, Harold Brown, in consideration of the sum of Five Dollars and Seventy-eight Cents ($5.78) paid to him executed the release which is marked Exhibit D and made a part hereof. That said release was signed and all transactions thereto were had without the knowledge or consent of these plaintiffs, and plaintiffs had no knowledge thereof until the filing of the answer in this suit.

"(Signed)  G. Derk Green,

"Attorney for Plaintiffs.

" 'Price, Shoemaker, Brown, Douglas & Brown, Attorneys for Defendant.' "

The policy, the chattel mortgage, the note of Brown to plaintiffs, and the release made by Brown are all fully set out in the record. The finding and judgment of the trial court were for plaintiff. The judgment was for $340 and costs. From the judgment, the defendant appealed. We will continue to refer to respondents as plaintiffs and to appellant as defendant.

The defendant presents but one point, to-wit:

"The policy of insurance sued upon contained a mere 'open mort-

gage,' as distinguished from a 'union mortgage' clause. Under such clause the rights of the mortgagee are dependent in their entirety upon the rights of the mortgagor, and a release executed by the former is binding upon the latter.''

The plaintiffs present three points, as follows, to-wit:

## "I.

''The payment of $5.78 to Harold Brown did not release defendant from liability for the reason that the payment of a less sum than was admitted to be due does not operate as a satisfaction and release.

## "II.

''Where assignee or assignor acting alone adjusted his own loss only, which was less than the total loss, the other may maintain an action for the residue.

## "III.

''The policy provides for payment to the mortgagee as interest may appear and provides for notice before cancellation, and there is an enforceable contract by mortgagee.''

### OPINION.

The one question upon which the issue in this case must be determined involves the effect of the release made by Brown to the assured, after the loss by fire had occurred. The release is in words and figures as follows:

''KNOW ALL MEN BY THESE PRESENTS, That I Harold Brown for the sole consideration of ($5.78) Five & 78/100 Dollars, to me in hand paid by the National American Fire Insurance Company of Omaha, Nebraska, the receipt whereof is hereby acknowledged, have released & discharged & by these presents do for myself, my heirs & assigns release & forever discharge the National American Fire Insurance from any & all claims of whatsoever kind or character or which in any wise arises out of, or in any way connected with a certain policy of Insurance, No. CA-19772 issued by the aforesaid insurance company on a Plymouth automobile bearing motor No. PD-79500.

''In Witness Hereof, I have hereunto set my hand & seal after reading the above & knowing its contents this 9th day of December, 1937.

''Harold Brown.''

The defendant admits in its brief that a ''union clause'' creates a separate agreement between the insurance company and the mortgagee, and that under such a clause that breach or other action taken by the mortgagor cannot affect the rights of the mortgagee. On the

other hand, defendant contends that such rule does not apply if the policy but contains a mere open mortgage clause. The defendant cites in support of its contention, Prudential Ins. Co. v. German Mutual Fire Ins. Co. (Mo.), 105 S. W. (2d) 1001.

In the above case, the loss payable clause was to the mortgagor alone. No limitation declaring as to the interest of the insured was shown. In the above case it is shown that the mortgage was foreclosed and the property bought in by the mortgagee. A loss occurred by fire thereafter, and the purchaser at the mortgage sale brought suit for loss.

In the opinion in the above case, this court said:

"Considering the clause in question in the light of a union mortgage clause as distinguished from an open mortgage clause, any provision in the original policy avoiding the insurance as to the mortgage or the original assured on account of a change in ownership or a failure to give notice to the defendant of such a change or a failure to give prompt notice of any loss or to make prompt proof thereof or matters of like character does not operate against the plaintiff's independent insurance as mortgagee under such clause. [Prudential Insurance Company v. German Mutual Fire Ins. Ass'n, supra.]"

The case above cited is reported in 228 Mo. App. 139, 60 S. W. (2d) 1008, and is also cited by defendant.

The defendant further cites Berry v. Equitable Fire & Marine Ins. Co. (Mo.), 298 S. W. 63. One C. Carmack appears as the insured in the aforesaid case.

The loss payable clause therein was as follows:

"Loss Payable Clause No. 1."

"Any loss under this policy that may be proved due the assured shall be payable to the assured and R. W. Berry, subject, nevertheless, to all the terms and conditions of the policy. Dated October 1, 1921."

Prior to loss, policy had been cancelled as to the insured.

It is held that, in above case, Berry's interest was loss proved due the insured, and as policy was cancelled before loss nothing was due insured. The Berry case, we conclude, throws no light upon the question herein involved.

As to all of above cases cited, it is shown that the matters wherein those opinions deal, all occurred before loss as distinguished from the case at bar which deals with matters occurring after the loss by fire had occurred.

The defendant further cites Allen v. Fidelity-Phoenix Ins. Co. of New York, 285 S. W. 761.

In final analysis, the Allen case is shown determined against the mortgagee by reason of loss occurring after the policy had expired.

The Allen case is determined upon a different state of facts than are shown in the case at bar.

The exact question as presented herein is not determined in any Missouri case cited and in our research we find no Missouri case that directly passes upon the question involved herein. We conclude that as the policy involved herein recites loss payable to assured and Hahn Motor Company, as interest appears, that therefore, at least after loss has occurred, both assured and Hahn Motor Company became interested in the insurance. In other words, we hold that the respective rights of each attached when the loss occurred. We conclude further that any adjustment of loss with one of the parties after the other's interest in the insurance, if any, is due is not binding upon the other. In reaching the above conclusion, we take into consideration the loss payable clause in connection with the fact that the insurer must have issued the policy in question with encumbrance in mind, as shown by the language as follows:

"The automobile described is fully paid for by the Assured and there is no Lien, Mortgage or other Encumbrance thereon, except as follows: $336 to Hahn Motor Co."

The above conclusions are supported by opinion in Talley v. Camden F. Ins. Assoc., 139 La. 985; Harrington v. Fitchberg Mutual Ins. Co., 124 Mass. 126; Hall v. Phil. F. Ins. Co., 64 N. H. 405; Hathaway v. Orient Ins. Co., 134 N. Y. 409; Brown v. Roger William Ins. Co., 5 R. I. 394.

The above rule is not universally followed. The same is criticized in Collinsville Sav. Soc. v. Boston Ins. Co., 77 Conn. 676. The reverse of our ruling appears in Everhart v. Atlantic Fire Ins. Co. (N. Car.), 140 S. E. 78. The opinion in the Collinsville Sav. Soc., *supra*, recognizes by its language that the holding by that court is not based upon an universal rule and refers to the universal rule as follows:

"It is universally held that a policy so indorsed may become forfeited, and the mortgagee deprived of all protection thereunder, by any act or default of the property owner *before loss*. [Moore v. Hanover F. Ins. Co., 141 N. Y. 219, 36 N. E. 191; Baldwin v. Phoenix Ins. Co., 60 N. H. 164.]" (Italics ours.)

In reaching and stating our conclusions on the issue as presented in the case at bar, we do not wish to be understood as holding that, under the coverage clause as it appears in the policy herein, breach of the contract on the part of the mortgagor, precedent or subsequent, which would avoid or forfeit the policy as to him would not invalidate as to the mortgagee. Such question is not presented under the stipulated facts in this case.

Our conclusion herein is based upon the principle that although the contract may be construed as with the mortgagor yet after loss, the mortgagor neither precedent nor subsequent having committed breach

that avoids or forfeits the policy, the mortgagee as payee has acquired certain equitable rights which the insured is bound to regard. [26 C. J., page 84, para. 81, and citations indicated in footnote "77."]

By the stipulation of facts it is shown that while the policy was in full force and effect the loss occurred; that notice of loss and proof of loss was waived; that the plaintiff thereafter made claim for the loss; and that no part of said loss has ever been paid to plaintiff. It is further shown that after plaintiffs had made claim for loss under the provisions of the policy the defendant without the knowledge or consent of plaintiffs paid to the mortgagor $5.78 and received from him a full release and now claim that by such act they owe plaintiffs nothing.

The trial court, we conclude, rightfully found the issue against defendant and for plaintiffs.

Judgment is affirmed. All concur.