### BROWN

v.

### STATE AUTO. INS. ASS'N, AUTO. UNDERWRITERS CORP., DES MOINES, IOWA.

#### No. 21956.

Kansas City Court of Appeals.

Missouri.

March 1, 1954.

Russell N. Pickett, Eugene E. Andereck, Phil Hauck, Pickett, Pickett & Andereck, Trenton, for appellant.

L. A. Warden, Trenton, for respondent.

SPERRY, Commissioner.

Plaintiff, S. L. Brown, d/b/a Brown Motor Company, sued defendant on its contract of insurance issued to R. L. Brown, hereafter referred to as insured. The case was tried to the court. Judgment was for plaintiff in the sum of $699, together with interest thereon from September 2, 1952, $1 damages for vexatious delay, and $200 attorney fees. Defendant appealed.

Most of the material facts of the case are not in dispute.

Plaintiff operated a motor vehicle agency at Trenton. A Mr. Husky owned a 1½ ton, 1948 International truck which his cousin, insured, wished to purchase. Husky desired to purchase from plaintiff a new G.M.C. truck. A three way deal was made, whereby Husky obtained the new truck from plaintiff, and insured obtained the International truck from Husky. Insured borrowed the purchase price of the International from plaintiff. He executed his note, payable to plaintiff, for $1050 and secured same by chattel mortgage on the truck.

Defendant's agent, C. M. Stone, was an employee of plaintiff and conducted the business of his insurance agency at plaintiff's place of business. He accepted insured's application for a policy on the International truck. The application was forwarded to defendant's home office in the State of Iowa, where a policy was issued, dated September 15, 1951. It was countersigned by Stone on September 17, 1951, as was required by defendant.

The policy provided coverage for loss or damage by collision or upset, to the extent of the cash value of the truck less $75, and contained the following clause:

"Any loss under coverage d–e–1, e–2, and f, is payable as interest may appear to the named insured and Brown Motor Company, Trenton, Mo."

On February 23, 1952, while the policy was in full force and effect, the truck, while being lawfully operated by insured, went out of control, left the highway, and was damaged to such an extent that it was eventually sold as junk for $87.50.

Immediately after the collision occurred the truck was taken to plaintiff's place of business where it remained until sold, several months later. On February 25 insured assigned to plaintiff all of his interest in the truck and the insurance and, two days later, removed to Phelps County, Missouri.

In May, 1952, defendant referred this loss to Mr. Scruby for adjustment, furnishing him with a copy of the policy. He inspected the truck at plaintiff's place of business and discussed the matter with Stone. In June he contacted insured in Phelps County, and procured him to sign a proof

of loss wherein it was stated that the amount of the loss, less $75 deductible, was $346.37. Thereafter, Scruby mailed insured a draft for said amount, dated July 7, 1952, payable to insured, plaintiff, and National Finance Company. Insured mailed the draft back twice, and, upon receiving it a third time, he mailed it back together with a letter stating that he had assigned all of his interest in the truck and insurance to plaintiff.

Plaintiff refused to accept the above sum in settlement of the loss and this suit followed.

Defendant contends that plaintiff's interest under the policy is based upon an "open mortgage clause," hence defendant was not required to negotiate settlement of the collision loss with plaintiff mortgagee. It contends that it has effected an accord with its insured and that plaintiff is bound by the agreement signed by insured, even though plaintiff did not consent to the settlement between insurer and insured.

██ Plaintiff concedes that this is an "open mortgage" clause. In Ramsey v. Farmers' Mutual Insurance Co. of Macon, Mo., 234 Mo.App. 1102, 139 S.W.2d 1027, cited by defendant, we discussed the legal effect of an "open" clause as contrasted with that of an "union" clause. Several other authorities cited by defendant herein are discussed in the Ramsey case. We did not say, in the Ramsey case, that insurer is not bound to negotiate a settlement with a mortgagee named in an "open" clause where, as in the case at bar, no provision of the policy has been violated. The law is that a mortgagee's rights, under an open clause are, generally, no greater than those of insured; his right of recovery does not exist if insured's rights have been forfeited by breach of conditions unless said breach is waived. Ramsey v. Farmers' Mutual Insurance Co. of Macon, Mo., supra; Patten v. Springfield Fire & Marine Ins. Co., Mo.App., 11 S.W.2d 1101 and 223 Mo. App. 1070, 25 S.W.2d 1075; Prudential Insurance Co. of America v. German Mutual Fire Ins. Ass'n, 231 Mo.App. 699, 105 S.W.2d 1001, 1005.

In Hahn v. National American Fire Ins. Co., 233 Mo.App. 756, 127 S.W.2d 94, an insurer had issued its policy to one Brown, covering the loss of an automobile by fire. The policy contained a provision making loss payable to insured and plaintiff, an "open" clause. After loss insurer without consent of plaintiff, effected a settlement with insured for the sum of $5.78 and took his release. Plaintiff recovered judgment for $340. On appeal, insurer contended that the release was binding on plaintiff. We held, 127 S.W.2d loc. cit. 96, that "* * * any adjustment of loss with one of the parties after the other's interest in the insurance, if any, is due is not binding on the other", and affirmed the judgment.

██ That opinion is well considered and was unanimously adopted. It has not been cited in Missouri but it is good law and should be followed.

Plaintiff offered substantial evidence to prove the amount of indebtedness remaining due and unpaid at the time of loss, and of the trial; and he offered substantial evidence tending to prove that the value of the truck, before the collision, was in excess of $900 and that, after the collision, the truck was worth $87.50, for which amount it was sold. The judgment for $699 is well within the evidence, both as to the amount of the damage to the truck and, also, the amount of indebtedness remaining due and owing plaintiff.

██ Defendant complains of the infliction of penalties for vexatious refusal to pay plaintiff. This loss occurred February 23. Defendant's agent, Stone, had notice of the loss almost immediately. Defendant did not even send an adjuster on the case until May. Defendant knew of plaintiff's interest in the policy, because it appeared in the policy itself. Its agents conducted its business from plaintiff's office and he was fully aware of all of the facts. What he knew, defendant knew. Patten v. Springfield Fire & Marine Ins. Co., 223 Mo.App. 1070, 25 S.W.2d 1077. This court, 15 years ago, in a case almost identical on the facts, involving a mortgage

744

clause identical with the one at bar, held that a release executed by insured without the consent of the mortgagee was not binding on the latter. The proof of loss executed by insured appears to be defendant's sole excuse for failure to negotiate a settlement with plaintiff. There was no "open" question of law or of fact in this case, so as to justify refusal to pay. Having acted arbitrarily and without good cause penalties were properly awarded. McCarty v. United Ins. Co., Mo.App., 259 S.W.2d 91, 94.

The learned trial judge has well tried and adjudged the case, and the judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

All concur.