Virginia R. Osborne *vs.* Pacific Insurance Company of New York.

November 21, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This is an action in assumpsit brought on a policy of fire insurance. The case was heard by a justice of the superior court sitting without a jury, who gave a decision for the plaintiff in the amount of $2,184.74 and costs. An exception to this decision was taken by the defendant, and the case is before this court on that single exception.

The case was heard below on an agreed statement of facts. It appears therefrom that on December 20, 1953 defendant issued a policy of fire insurance insuring John L. Paolino against loss by fire and other stated risks for a term of five years covering a dwelling house owned by said Paolino located in the town of Coventry. The property was subject to a mortgage held by the Centreville Savings Bank, hereinafter referred to as the bank, and the policy was delivered to that institution. The policy was not put in evidence, but it was agreed that it was in the statutory form, general laws 1956, §27-5-3, and contained additional provisions that were not inconsistent with the provisions of the contract prescribed by the statute. These added provisions were put in evidence by plaintiff in the form of a photostatic copy of a "Daily," so called. Among these provisions was a mortgagee clause, so called, which provided in part that loss, if any, under the policy would be payable to the mortgagee as its interest appeared. On November 15, 1954 the insured property was conveyed by Paolino to plaintiff in the instant case subject to the encumbrances of record, and on that date defendant, by endorsing the policy, consented to the assignment thereof to plaintiff.

On July 10, 1956 the bank, acting under powers set out in the mortgage deed, foreclosed the mortgage and conveyed the premises to itself by a mortgagee's deed. Thereafter on July 19, 1956 the bank conveyed the insured premises to H. V. Higley as Administrator of Veterans' Affairs, de-

fendant having on July 13, 1956 endorsed the policy to show its consent to an assignment thereof to Higley.

On December 13, 1956 the said H. V. Higley as Administrator of Veterans' Affairs conveyed the insured premises to plaintiff. On December 19, 1956, six days after the property was conveyed to plaintiff, John H. Maguire, Jr., acting in behalf of the Veterans Administration, surrendered the policy under consideration to defendant with a written request that it be canceled and that the premium rebate be sent to the Veterans Administration at their Providence office. Acting pursuant to this request, defendant purportedly canceled the policy as of December 13, 1956, and a premium rebate in the amount of $22.62 was returned to the Veterans Administration.

On February 19, 1957 the insured premises were damaged by fire, and plaintiff thereafter made timely demand on defendant for payment of the loss and filed a sworn proof of loss in the amount of $2,184.74. The defendant refused payment and denied liability under the policy on the ground that the contract of insurance between itself and plaintiff was not in effect at the time of the loss.

That there was a valid contract of insurance between the parties here prior to the foreclosure of the mortgage by the bank in July 1956 is not disputed. Neither is it disputed that the loss occurred within the five-year term for which the policy was originally issued. The defendant's position is that that contract of insurance had been terminated prior to the occurrence of the loss in February 1957, contending, first, that the insurance contract was terminated by operation of law when plaintiff was deprived of her insurable interest in the property by reason of the foreclosure of the mortgage by the bank or, in the alternate, that the contract of insurance was terminated by the action of defendant in canceling the policy in December 1956 at the request of the Veterans Administration. We are of the opinion that there is no merit in either contention.

In support of its contention that when plaintiff lost her insurable interest in the insured property the contract was terminated, defendant directs our attention to *Hoxsie* v. *Providence Mutual Fire Ins. Co.*, 6 R. I. 517. In that case the court said in an obiter dictum at page 529 of the opinion that it was well settled in the fire insurance law of England that where the interest of the insured in the covered property was terminated prior to a loss by an alienation thereof, the policy became a nullity unless the insured consented to an assignment of the policy to the alienee. However sound that contention may be, it is our opinion that such a rule would not prevail in this jurisdiction in view of the adoption by our legislature of a statute prescribing a standard form of fire insurance policy and prohibiting the making of a fire insurance contract on any property in this state unless it conforms to all the provisions and conditions of the form so prescribed. General laws 1956, §§27-5-2 and 27-5-3.

When our legislature provided by statute for a standard form of fire insurance policy, required the use of the prescribed form in contracts for fire insurance, and authorized the parties to such contracts to include therein in writing provisions not inconsistent with those set out in the prescribed form, it intended that these contracts of insurance were to be reduced to writing and that the rights and liabilities of the parties thereto would be ascertained and determined in accord with the terms set out therein. *Zibelin* v. *Pawtucket Mutual Fire Ins. Co.*, 229 N. C. 567; *Herbert L. Farkas Co.* v. *New York Fire Ins. Co.*, 5 N. J. 604. To warrant holding that a contract of insurance had been terminated by reason of an alienation of the covered property and a loss of the insured's insurable interest, a provision therefor would necessarily have to be contained in the contract.

The standard form of policy prescribed by our legislature contains provisions for the termination of the contract.

Provisions are made therein for voiding the policy for fraud and misrepresentation as well as cancellation of the policy upon the request of either party under specified terms and conditions. No provision is made therein, however, for a termination of the contract either because of an alienation of the property by the insured or, more specifically, because the insured has lost his insurable interest by reason of a foreclosure of a mortgage on the property. The defendant concedes that there is no provision concerning termination for these reasons in the policy here being considered. It is therefore our opinion that the contract of insurance between the parties here was not terminated when the insured lost her insurable interest therein by reason of the foreclosure of the mortgage by the bank.

It is our further opinion that the contract of insurance between plaintiff and defendant was not terminated by defendant's cancellation of the policy at the request of the Veterans Administration, to whom the policy had been assigned by the bank. We take this view because of the effect on the contract of the inclusion therein of a standard mortgagee clause, so called, which clause provides in part that any loss under the policy shall be payable to the mortgagee as interest appears and that the insurance shall not be invalidated by any act or negligence of the mortgagor.

The effect of such a clause in an insurance contract was considered by this court in *Smith* v. *Union Ins. Co.*, 25 R. I. 260. After an exhaustive examination of the authorities, this court adopted the generally accepted view that the inclusion in the contract of such a mortgagee clause had the effect of creating two separate insurance contracts, one with the mortgagor and one with the mortgagee. This court has reiterated its acceptance of this view in *Old Colony Cooperative Bank* v. *Yorkshire Ins. Co.*, 53 R. I. 439, and *Riddell* v. *Rochester German Ins. Co.*, 36 R. I. 240. It is uniformly held that the purpose of a standard mortgagee clause is to

give to the mortgagee the same benefits that he would have obtained had he entered into a separate contract of insurance. 6 Appleman, Insurance Law and Practice, §4164; *Kligerman* v. *Union and New Haven Trust Co.*, 127 Conn. 622; *Fidelity-Phenix Fire Ins. Co.* v. *Brennan*, 85 N. H. 291.

It is our opinion then that the bank as a mortgagee had a contract of insurance with defendant that was separate from the contract of plaintiff. Consequently, when, after having acquired the property at the foreclosure sale, the bank conveyed it to the Veterans Administration and assigned the policy to them, it constituted an assignment of only its own contract of insurance. That any attempt on the part of the bank to have assigned plaintiff's contract of insurance would have been a nullity requires no citation of authority.

Since it does not appear in the record here that the contract of the plaintiff with the defendant was either canceled or breached, we find inescapable the conclusion that such contract was in full force and effect at the time of the pertinent loss and that, therefore, the defendant was properly required to indemnify the plaintiff to the extent that she proved that the loss was within the terms of that contract.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Albert Lisker*, for plaintiff.

*Sherwood & Clifford, Kirk Hanson*, for defendant.