332 A.2d 434.

OLD COLONY CO-OPERATIVE BANK *vs.* NATIONWIDE MUTUAL FIRE INSURANCE COMPANY.

FEBRUARY 10, 1975.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a civil action brought by Old Colony Co-operative Bank, a mortgagee of real property, against a fire insurance company to collect for fire damage under an insurance policy. On June 2, 1969, William H. and Martha L. Bonneau, Jr., entered into a fire insurance contract for W.H.B., Jr., Inc. with the defendant, Nationwide Mutual Fire Insurance Company, to insure against fire damage to realty located in North Kingstown. Two months later, on August 6, 1969, the plaintiff took a mortgage for $15,000 from W.H.B., Jr., Inc. on the realty. The property was destroyed by fire on July 6, 1970. Since Bonneau, the mortgagor, had obtained the policy by fraud (he failed to disclose truthfully his criminal and financial record), the policy is voided as it applies to him pursuant to a clause in the contract. Because of this situation the plaintiff-mortgagee proceeds in this action directly against the insurance company. The plaintiff moved for a summary judgment which the court, after a hearing, granted insofar as it concerned the issue of liability. The defendant appeals from that ruling.

The policy was written according to the form set forth

in G. L. 1956 (1968 Reenactment) §27-5-3.. The disputed portion of the statute (and policy) pertains to the "Mortgagee interests and obligations. If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a ten (10) days' written notice of cancelation."

The basic issue in the case is whether the statutory form is a "standard" (or "union") policy or an "open" policy. In a "standard" policy the mortgagee and insurance company have a contract separate and independent from the contract of the mortgagor and insurer. In an "open" policy the mortgagee collects through the mortgagor, i.e., after the mortgagor collects, then the mortgagee collects from the mortgagor; there is no separate contract between the insurer and the mortgagee.

The defendant argues that the statutory form of the policy at bar is of the open variety so that the mortgagee has no independent contract with the insurer and that any rights the mortgagee has to collect from the insurer must fail when the mortgagor's rights die. The defendant argues vigorously that the trial justice misunderstood two cases in which similar clauses are construed as effectively creating "standard" policies and which support her decision. *Prudential Ins. Co.* v. *German Mut. Life Ins. Ass'n,* 228 Mo.App. 139, 60 S.W.2d 1008 (1933), and *Critchlow* v. *Reliance Mut. Ins. Ass'n,* 198 Iowa 1086, 197 N.W. 318 (1924). These cases involve policies similar to the policy before us, that is, policies which contain clauses that require notice to a mortgagee by an insurer before such policies may be cancelled by the insurer. The holdings in these cases are clear; the policies will be considered as two contracts, one between mortgagor and insurer and one between mortgagee and insurer. *Prudential Ins. Co.* v. *German Mut. Life Ins. Ass'n, supra* at 144, 60 S.W.2d at

1011, and Critchlow v. Reliance Mut. Ins. Ass'n, supra at 1091-92, 197 N.W. at 321. See also 11 Couch, Insurance §42:684 (2d ed. 1963).

Often "standard" policies are more clearly expressed as such than is the Rhode Island statutory language. Several other states include clauses which either substitute for or supplement the mortgagee notice clause, stating that acts or neglect by the mortgagor will not invalidate the mortgagee's interest, see, e.g., Minn. Stat., §65A.01 (1971). Although there is some authority to the contrary, the large majority of courts read such clauses as effectively creating two separate contracts, see, e.g., Smith v. Union Ins. Co., 25 R. I. 260, 55 A. 715 (1903). The current Rhode Island statutory form does not specify that the mortgagee may still collect regardless of any invalidating act by the mortgagor. Notwithstanding this deficiency, we have no difficulty in reading the clause requiring notice to the mortgagee before cancellation as indicating the creation of two contracts. See Osborne v. Pacific Ins. Co., 91 R. I. 469, 474-75, 165 A.2d 725, 728 (1960), decided after enactment of the present statutory form, which held that the mortgagee had a contract and an action separate from the mortgagor.[1] Since there has been no legislative response to this decision, we hold without hesitation that the statutory mortgagee notice requirement gives rise to separate contracts between mortgagor and insurer as well as mortgagee and insurer.

The defendant alternatively argues that if the mortgagee notice requirement creates two contracts, such contracts may, under the statute, be cancelled by the insurer ab initio, thus invalidating the mortgagee's interest when

---

[1]Although Osborne v. Pacific Ins. Co., 91 R. I. 469, 165 A.2d 725 (1960), was decided four years after the statutory form before us now was enacted, the policy there included a clause that any act or negligence of the mortgagor would not invalidate the mortgagee's interest.

the mortgagor's interest is voided under the terms of the statute for fraud. What the defendant fails to consider is that here the insurer has not cancelled the contract of the mortgagee; therefore, whether it is void *ab initio* or not is of no consequence. Furthermore, if the defendant concedes that two contracts are created, then where only one is voided the other will remain intact; thus, the defendant's reasoning fails on his given premise.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the Superior Court for further consideration.

Mr. Justice Joslin did not participate.

*Zietz, Sonkin & Radin, Louis Baruch Rubinstein, Richard S. Mittleman,* for plaintiff.

*John G. Carroll, Edward E. Dillon, Jr.,* for defendant.