Glass v. Ferd Heim Brewing Co.

---

W. G. GLASS, Respondent, v. THE FERD HEIM BREW-ING CO., Appellant.

Kansas City Court of Appeals, January 18, 1892.

**Corporations :** ULTRA VIRES : COLLATERAL ATTACK. Though the act of the defendant corporation in this case in executing a lease, under circumstances tending to show it was doing so as security for another, may be *ultra vires,* yet it does not belong to that class of unauthorized acts of a trading corporation which can be avoided in a collateral way, as by contesting the validity of a fair contract entered into *bona fide.* (Following *Welsh v. Ferd Heim Brewing Co., ante,* p. 608.)

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Ben. T. Hardin*, for appellant.

*Gage, Ladd & Small*, for respondent.

ELLISON, J.—This is an action to recover rent, and is based on a written lease of a building in Kansas City, for a term of years, the rent being $100 per month. Defendant paid monthly for more than a year and then repudiated the lease. Plaintiff recovered below, and defendant prosecutes this appeal.

The lease is made to defendant and one Baer, jointly. The property was used and occupied as a saloon by Baer for a time, and afterwards by other parties who were put in possession by defendant company. Defendant was never in the actual occupancy of the property, and it seems the motive which caused it to enter into the contract was to promote the introduction and sale of its beer at the premises rented. The lease was made under the following circumstances: Baer applied to plaintiff to lease the property and was refused unless he could get security. He proposed defendant, and defendant being satisfactory to plaintiff was accepted. The defendant executed the lease with Baer by signing "Ferd Heim Brewing Co. (L. S.) Per W. J. Head, Secretary."

While plaintiff, in his testimony, states that he would not rent to Baer without security for the rent, and that he did not suppose that defendant would, itself occupying the building, yet, he recognized that in making the lease to the company it could occupy the property at its pleasure for any legitimate purpose it might wish.

This case is in many respects like that of Welsh against this defendant, decided at this term. What was said in that case about the lease being signed by defendant's secretary and of its being ratified by the company sufficiently disposes of that objection here. We have no doubt of the correctness of our position on this point.

The only other point we care to notice here is that of *ultra vires*. It will readily be noticed that there is a difference in the facts of this and the facts disclosed in the *Welsh case, supra*. There is that disclosed in this case which might be fairly construed as establishing that the defendant was the mere surety of Baer. We by no means say ( considering the terms of the lease) such matter is established ; but we are willing to say that there are facts and circumstance in the case which tend to establish such matter. We will, therefore, not decide for or against the proposition that the lease, executed under the circumstances surrounding its execution, was *ultra vires* the corporation, but we do say that if it is *ultra vires* it does not belong to that class of unauthorized acts of a trading corporation which can be avoided in a collateral way, as by contesting the validity of a fair contract entered into *bona fide*. This we hold for the reason set forth in the last paragraph of the opinion in the *Welsh case*. Saying the most that could be said of the lack of power of this defendant in this case, it certainly was not as far removed from the legitimate scope of its business to make the contract it did, as was the act of the drug company in *St. Louis Drug Co. v. Robinson*, 81 Mo. 18, in becoming an accommodating indorser on a promissory note, with which it had no connection. The case at bar discloses that the *object* defendant had in view in becoming surety for Baer was to *promote the sale of its beer*, and such act conceding it is not authorized is not declared to be void by defendant's articles of incorporation, either in direct terms or by necessary implication. The case of

*Bowman Dairy Co. v. Mooney*, 41 Mo. App. 665, is not considered to be contrary to these views. With the concurrence of the other judges, the judgment will be affirmed.