**ECONOMY PREFERRED INSURANCE, Plaintiff–Respondent,**

v.

**Phyllis R. SCHOMAKER and Gershman Investment Corp., Defendants–Appellants.**

**No. 67099.**

Missouri Court of Appeals, Eastern District, Division Four.

June 13, 1995.

Richard M. Stewart, Michael J. Pitzer, Rabbitt, Pitzer & Snodgrass, P.C., St. Louis, for appellants.

Kathi L. Chestnut, Jill E. Kapp, Evans & Dixon, St. Louis, for respondent.

KAROHL, Judge.

Defendant Gershman Investment Corporation (Gershman), appeals after summary judgment for plaintiff Economy Preferred Insurance Company (Economy) in a declaratory judgment suit. The trial court found Economy's insurance policy did not cover fire damage on a house. It also denied counterclaims and requests for summary judgments by defendants Schomaker and Gershman. We review an appeal by Gershman.

Phyllis Schomaker (Schomaker) purchased a house located at 4129 Cleveland, St. Louis, Missouri, 63110, on or about May 18, 1987. Schomaker obtained a loan from Gershman for $39,184 to purchase the house. Her promissory note was secured by a deed of trust with Gershman. On August 8, 1991, Economy issued an insurance policy to Phyllis Schomaker as owner and Gershman as mortgagee. The policy included an agreement by Economy to pay for damages to the property up to a limit of $118,000. The policy named Gershman as loss-payee mortgagee and expressly provided a denial of a claim by the insured would not defeat a claim by the mortgagee.

Sometime in 1991, and continuing into 1992, Schomaker defaulted on the promissory note held by Gershman. Gershman foreclosed on the property. It purchased the house at a trustee's sale on January 21, 1992. It purchased the property for $43,174. Schomaker's mortgage debt on the property was extinguished when Gershman became the sole owner of the house.

On January 22, 1992, Gershman sent a letter to Economy advising it of the foreclosure and requesting Schomaker's policy be canceled as of January 16, 1992. The letter also asserted that Gershman had been paying the premiums and requested any premium refund be paid directly to Gershman.

On February 7, 1992, the house was damaged by fire. On July 7, 1992, Gershman

asserted a claim for benefits against Economy under Schomaker's policy. On July 10, 1992, Economy sent a letter to Gershman denying the claim. It offered several reasons for its denial including the January 22, 1992, letter requesting cancellation of the policy effective January 16, 1992.

Economy filed its petition for declaratory judgment on or about July 16, 1992. The petition requested the court enter a judgment declaring Schomaker had no insurable interest on February 7, 1992, and that any interest Gershman had in the house was not covered by Schomaker's policy.

On July 21, 1992, Providence Washington Insurance Group (Providence Washington) issued a payment to Gershman for $43,200 for the February 7, 1992, fire loss. Gershman had obtained insurance through Providence Washington on the house shortly after the purchase at foreclosure.

Both Schomaker and Gershman filed counterclaims against Economy. In Schomaker's counterclaim she asserted a settlement was reached between her representative and Economy sometime between April 22, 1992, and May 6, 1992. The settlement amount was an agreed replacement cost of $113,375, less the amount necessary for Schomaker to redeem the house from Gershman. She requested this settlement agreement be enforced by the trial court. Gershman filed a counterclaim for declaratory judgment requesting an order the policy be enforced against Economy in favor of Gershman as issued for the full value of the loss.

Economy, Gershman, and Schomaker all filed motions for summary judgment in addition to their other claims. The court dismissed the counterclaims and requests for summary judgment of both Schomaker and Gershman. It found neither party was entitled to recover from Economy arising out of the fire loss of February 7, 1992. The court sustained Economy's motions for summary judgment against both Schomaker and Gershman.

Gershman contends the trial court erred in entering a summary judgment in favor of Economy because the policy issued by Economy to Schomaker was still in effect at the time of the loss. Gershman asserts: the policy with Economy was in force because Gershman's attempt to cancel the policy was not in strict compliance with the terms of the policy and therefore ineffective; the existence of a "union" mortgage clause preserved Gershman's right to recover as the owner even when Schomaker had no claim; and, Economy was estopped from claiming Gershman canceled the policy because it denied coverage on different grounds.

■ In reviewing appeals from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.*

■ Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The propriety of summary judgment is purely an issue of law. Because the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Id.*

The first point is the trial court erred in finding Gershman's right to the insurance proceeds under the policy was extinguished. An insurable interest in property may only be maintained if one "will derive pecuniary benefit or advantage from its pecuniary loss or damage from its destruction ... by the happening of the event insured against." *DeWitt v. American Family Mutual Insurance Co.*, 667 S.W.2d 700, 705 (Mo. banc 1984).

■ The creditor-debtor relationship between the insured and the mortgagee enables the mortgagee to compel the mortgagor to purchase insurance in order to protect the

mortgagee's interest. *Northwestern National Insurance Company v. Mildenberger,* 359 S.W.2d 380, 386 (Mo.App.1962).

■ Schomaker purchased her policy from Economy on August 8, 1991. She listed Gershman as mortgagee. At this time both Schomaker and Gershman held an insurable interest in the house. Gershman purchased the house at the foreclosure sale on January 21, 1992. Gershman's purchase extinguished Schomaker's indebtedness under the promissory note. Schomaker's insurable interest in the house was terminated because she was no longer an owner. Gershman's status changed from mortgagee to sole owner of the property.

Gershman asserts its insurable interest in the property was preserved by a "standard mortgage" or "union" mortgage clause in Schomaker's policy. The mortgage clause of the insurance policy provided as follows:

> The word "mortgagee" includes trustee. If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you [mortgagor], as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages. If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:
>
> a. notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;
>
> b. pays any premium due under this policy on demand if you have neglected to pay the premium; and
>
> c. submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee ...

■ Gershman's interpretation of this mortgage clause is that its interest remains insured even if Schomaker could not successfully make a claim. If the policy holder is denied payment for violation of any obligations agreed to in the policy, the mortgagee's security for the payment of the note is still protected by such provisions. *Northwestern,* 359 S.W.2d at 385; *Prudential Insurance Company v. German Mutual Fire Insurance Association,* 231 Mo.App. 699, 105 S.W.2d 1001, 1004 (1937). The "union" mortgage clause acts as a distinct contract protecting the interest of the mortgagee who abides by its requirements. *Id.* at 1004.

■ Gershman relies on the finding in *Prudential,* where the court stated a mortgagee's interest under a "union" mortgage clause can even survive foreclosure. *Id.* In *Prudential,* the mortgagee named in the insurance policy foreclosed on the property and purchased the property for less than the outstanding debt. *Id.* at 1001. Following the foreclosure, the property was destroyed by fire. The insurer denied coverage and asserted the mortgagee's interest was extinguished when the foreclosure took place. *Id.* The court found the mortgagee's interest under the policy survived the foreclosure and covered the loss after the foreclosure based on the "union" mortgage clause in the contract. *Id.* at 1004. However, the fire loss did not exceed the lowest balance on the loan. The recovery was less than the mortgagee's interest at the time of foreclosure. *Id.* at 1003.

■ The court in *Northwestern,* noted without disapproval the *Prudential* decision which enforced the "union" mortgage clause "up to the amount of the debt secured." *Northwestern,* 359 S.W.2d at 383. However, it found the true purpose of the "union" mortgage clause is to protect the secured interest and to ensure repayment of the loan. *Id.* at 385. The owner/former mortgagee, by foreclosure, must still be a creditor on the insured loan following foreclosure in order to recover under the insurance policy for the outstanding balance on the loan. *Id.* Here, Gershman paid $43,174 for the property at the foreclosure sale on January 21, 1992. This act satisfied the entire balance on Schomaker's debt secured by the house. The existence of a "union" mortgage clause does not preserve coverage on a policy that is terminated because the entire debt has been extinguished. *Id.* Moreover, Gershman has recovered on another policy all of its interest as mortgagee at the time of foreclosure.

The remaining two points on appeal concern the effectiveness of a cancellation. They will not be addressed based on the finding that the policy was ineffective as of January 21, 1992.

Summary judgment is affirmed.

AHRENS, P.J., and SIMON, J., concur.