**FIRE INSURANCE EXCHANGE,
Plaintiff/Appellant,**

v.

**Raymond E. BOWERS and Nora M. Bowers, Defendants/Respondents,**

**and**

**North American Savings Bank,
Defendant/Respondent–
Cross–Appellant.**

**Nos. 22578, 22596.**

Missouri Court of Appeals,
Southern District,
Division One.

June 30, 1999.

Randy R. Cowherd, Newberry, Haden, Cowherd, Bullock, Keck & McGinnis, L.L.C., Springfield, for Appellant.

John F. Appelquist, Springfield, for Respondents.

David R. Frensley, Frensley & Towerman, P.C., Kansas City, for Respondent–Cross–Appellant.

JAMES K. PREWITT, Presiding Judge.

Defendants Bowers owned residential property in Springfield, upon which Defendant North American Savings Bank held a deed of trust. Plaintiff had issued a policy of insurance to Defendants Bowers insuring the building on the property against various losses, including fire damage. Following a fire which resulted in substantial, but partial damage to the building, a dispute arose between the parties as to the amount that Plaintiff was obligated to pay and between Defendants as to who was to receive those proceeds.

These disputes resulted in Plaintiff filing an interpleader action and depositing what it contended it was obligated to pay in to the circuit court. Thereafter, that court entered summary judgment in favor of Defendants Bowers, requiring Plaintiff to pay an additional sum to them beyond that paid in to the court, and also entered judgment on the pleadings denying Defendant North American Savings Bank's request to recover under the policy. Plaintiff and Defendant North American Savings Bank appeal.[1]

We first discuss Plaintiff's appeal. It contends the trial court erred in the entry of summary judgment. Review of summary judgment requires that the facts be viewed in the light most favorable to the party against whom judgment was entered without deference to the trial court's conclusions. *ITT Commercial Finance v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo.banc 1993). Reviewing summary judgment on appeal is an issue of law, reviewed *de novo* on the record. *Id.*

The primary issue raised by Plaintiff is what is its monetary obligation under its policy, as it may be affected by Section 379.150, RSMo 1994. That section provides:

Whenever there is a partial destruction or damage to property covered by insurance, it shall be the duty of the

---

1. The summary judgment and judgment on the pleadings disposed of all parties and issues, and complied with Rule 74.01. Separate documents were entered and they comprise the "final judgment." *See Magee v. Blue Ridge Professional Bldg. Co.*, 821 S.W.2d 839, 842 (Mo.banc 1991).

party writing the policies to pay the assured a sum of money equal to the damage done to the property, or repair the same to the extent of such damage, not exceeding the amount written in the policy, so that said property shall be in as good condition as before the fire, at the option of the insured.[2]

The policy provides that if the property is not repaired or replaced, and here it was not, Plaintiff is obligated to pay to the limit of the insurance the "actual cash value" of the structure. "Actual cash value" is defined in the policy as "replacement cost of the property at time of loss less depreciation." Whether the requirements of the statute and this policy provision would arrive at the same amount, we need not decide. The amount to be paid under Section 379.150 controls over any inconsistent provision of the policy. *Abercrombie v. Allstate Insurance Co.*, 891 S.W.2d 838, 840 (Mo.App.1994). *See also Wells v. Missouri Property Ins. Placement Facility*, 653 S.W.2d 207, 210–14 (Mo.banc 1983).

■■■ Under Section 379.150, the measure of damages is determined by the difference in value of the property immediately before and immediately after the loss. *Wells*, 653 S.W.2d at 214; *Abercrombie*, 891 S.W.2d at 840. Cost of repairs is admissible as evidence of the damage but in and of itself is insufficient to establish the amount of damage. *Wells*, at 214; *Abercrombie*, at 840.

■ The record here contains a document stating that the "full replacement cost" of the property at the time of loss was $40,000.00. There appears to be little, if any dispute that this was the value before the loss, as Defendants Bowers urge. Even if this is so, there was no evidence of the value of the property after the fire. Defendants Bowers rely on evidence showing the cost of repair and replacement, but as just earlier noted, such evidence does

not establish the value after the occurrence, although it may be some evidence of the damage.

■■ In cases of partial loss, the insured has the burden to prove the value of the property both before and after the casualty. *Wells*, 653 S.W.2d at 211. Here they did not do so, thus there have been insufficient facts established to support the summary judgment. There may well be a dispute as to the monetary amount of the damage, which the trier of fact may have to determine. Summary judgment in favor of Defendants Bowers must be reversed.

Turning now to the appeal of Defendant North American Savings Bank, we first recite various principles relating to judgment on the pleadings under Rule 55.27(b). Moving for judgment on the pleadings is similar to presenting a motion to dismiss, as in both situations, the facts pleaded by the opposite party are assumed to be true. *Angelo v. City of Hazelwood*, 810 S.W.2d 706, 707 (Mo.App.1991). Judgment on the pleadings should not be entered where a material issue of fact exists. *Id.* However, such a judgment is proper if, from the face of the pleadings, the moving party is entitled to a judgment as a matter of law. *Id.*

■■ Defendants Bowers moved for judgment on the pleadings because Defendant North American Savings Bank caused the deed of trust on the Bowers' property to be foreclosed and the bank purchased the property, bidding the amount of Bowers' indebtedness to the bank. Defendants Bowers state that as this occurred, their debt to the bank is extinguished and the bank no longer has a claim on the insurance proceeds. They cited to the trial court and now cite to us: *Economy Preferred Insurance v. Schomaker*, 900 S.W.2d 249 (Mo.App.1995), *Westoak Realty & Investment, Inc. v. Hernandez*, 682

---

**2.** Defendant North American Savings Bank purchased the property following a foreclosure sale under its deed of trust. It seeks repair to the structure but Defendants Bowers

do not. Therefore, in the dispute between Plaintiff and Defendants Bowers, we only discuss the first of the two options under § 379.150.

S.W.2d 120 (Mo.App.1984), and *Northwestern Nat'l Ins. Co. v. Mildenberger*, 359 S.W.2d 380 (Mo.App.1962).[3]

The bank counters that it has not fully recovered the amount of the indebtedness, that it should be allowed to present evidence showing that the property was worth less than it bid, and that the deed of trust contains a provision nullifying the holding of those cases. That provision states:

5.

* * *

If under paragraph 21 [providing for foreclosure] the Property is acquired by Lender [North American Savings Bank], Borrower's [Defendants Bowers'] right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

This provision, at least as applied here, appears relatively clear. Obviously, the land and perhaps the remaining portion of the building have some value. If the portion of paragraph 5 above quoted is applied literally, then the bank has acquired the property but is still entitled to the insurance proceeds up to the amount of the debt before they acquired the property. This would entitle them to more than was owed, contrary to the holdings, at least by inference, in *Economy Preferred Insurance*, and directly contrary to that in *Northwestern Nat'l Ins. Co.*

When the bank acquired the property the debt was paid, as they paid the amount of the indebtedness for the property. In *Northwestern Nat'l Ins. Co.*, the court rejected the contention of the former mortgagee that it was entitled to insurance proceeds as the property was not worth the amount bid. It purchased the property at the foreclosure sale for the amount due. The court stating, 359 S.W.2d at 386:

But it is the debt, the creditor-debtor relationship, that gives birth to the right to compel the mortgagor to purchase insurance and to collect the proceeds and serves as the supporting pillar for the whole structure so far as the mortgagee is concerned. Once that relationship is terminated, the reason for any claim on the part of the mortgagee on the insurance proceeds likewise evaporates. Surely it cannot be denied that purchase at the foreclosure for the full amount of the balance due on the note constituted payment and · extinguished the debt.... So long as the payment was made in the full amount of the indebtedness, it extinguished the debtor-creditor relationship and thus terminated the claim upon which the proceeds of the insurance money which had inured to the benefit of the mortgagee upon the occurrence of the fire. A liability may be fixed by the occurrence of conditions which provide for its existence, such as the liability of the insurance company in the instant case to pay to the mortgagee became fixed upon the happening of the fire, but after it becomes thus fixed, it may terminate as to the party in whose favor it existed, here the mortgagee. In the instant case what caused that termination was the payment of the debt by purchase at the foreclosure sale for the full amount of the balance due on the note, and ended the creditor-debtor relationship of the mortgagee and mortgagor.

As the bank asserts, there was not a provision in *Economy Preferred Insurance* or *Northwestern Nat'l Ins. Co.* similar to the provision in paragraph 5 upon which they rely. However, as we read the holding of those cases, once the debt has been satisfied, whatever claim the mortgagee has is extinguished. The effect of

---

**3.** Although cited by Defendants Bowers, they acknowledge that *Westoak Realty & Investment, Inc.* only restates the rule in *Northwestern Nat'l Ins. Co.*, in distinguishing it. *See* 682 S.W.2d at 123. *Westoak's* holding has no relevance here.

buying the property for the amount owed was that the debt was paid. Had the property brought less, the claim of the bank would remain, but not exceeding the balance then owed. When the debt is extinguished, the deed of trust is no longer in effect, and the bank's claim to any of the insurance proceeds, in *Northwestern Nat'l Ins. Co.*'s words, "evaporates." Relying on that holding, *Economy Preferred Insurance* states, 900 S.W.2d at 252: "The owner/former mortgagee, by foreclosure, must still be a creditor on the insured loan following foreclosure in order to recover under the insurance policy for the outstanding balance on the loan."

Thus, while the bank had a claim and an entitlement to insurance benefits prior to the foreclosure sale, by paying the full amount of the indebtedness for the property, the bank terminated the creditor-debtor relationship and the enforceability of the deed of trust. We conclude that by purchasing the property for the amount of the indebtedness, the debt was satisfied, the provision of the deed of trust could not longer be enforced, and whatever claim might have been made for the insurance proceeds by the bank terminated. Therefore, the trial court properly entered judgment on the pleadings in favor of Defendants Bowers.

Summary judgment in favor of Defendants Bowers and against Plaintiff is reversed. Judgment on the pleadings in favor of Defendants Bowers and against Defendant North American Savings Bank is affirmed. The matter is remanded to the trial court for further proceedings in accordance with the decision of this Court herein stated.

CROW, J., and PARRISH, J., concur.